# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CLINTON TOBIAS CUMMINGS,

    Petitioner,

v.                                        CASE NO: 8:09-CV-1606-T-30MAP
                                                Crim Case No: 8:08-CR-435-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER and NOTICE OF EVIDENTIARY HEARING

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1) filed on August 14, 2009, the Government's Response (Dkt. #6), and the Petitioner's Reply (Dkt.# 8).

## Background

Petitioner, CLINTON TOBIAS CUMMINGS (hereinafter referred to as "Cummings" or "Petitioner"), was arrested on September 10th of 2008 and charged with: (1) conspiracy to possess with intent to distribute five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii), and in violation of Title 21, United States Code, Section 846; and (2) possession with intent to distribute five (5) grams or more of a mixture or substance containing a detectable amount

of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii). Petitioner entered a plea agreement with the United States admitting guilt to Count One and the United States dismissed Count Two.

In the plea agreement, Petitioner agreed to the following facts:

On or about September 6, 2008, Co-Conspirator 1 agreed to meet an ATF Special Agent acting in an undercover capacity ("UC") in order to illegally obtain a Glock firearm in exchange for crack cocaine. On or about September 10, 2008, Co-Conspirator 1 met the UC in the parking lot of a Lowes home improvement store in St. Petersburg, Florida, in the Middle District of Florida. Co-Conspirator 1 told the UC that he wanted the firearm but did not have the drugs with him. Co-Conspirator 1 made a telephone call to CUMMINGS to arrange delivery of the drugs. CUMMINGS, together with Co-Conspirator 2, agreed to provide Co-Conspirator 1 with crack cocaine for sale or trade.

CUMMINGS, together with Co-Conspirator 1 and Co-Conspirator 2, returned to the Lowes parking lot and met with the UC. CUMMINGS, Co-Conspirator 1, and Co-Conspirator 2 all agreed to give the UC forty (40) rocks of crack cocaine in exchange for a firearm and cash. CUMMINGS and Co-Conspirator 2 counted out approximately forty (40) rocks of crack cocaine and placed it into a plastic baggie.

Meanwhile, Co-Conspirator 1 got into the front seat of another vehicle where the UC was seated. The UC opened a backpack and showed Co-Conspirator 1 a Glock firearm and magazine. Upon seeing the firearm, Co-Conspirator 1 turned to CUMMINGS and Co-Conspirator 2 and gave them a thumbs up sign. Co-Conspirator 1 then obtained the baggie of crack cocaine from CUMMINGS and Co-Conspirator 2. Co-Conspirator 1 took the crack cocaine into the vehicle where the UC was seated. Co-Conspirator 1 offered the UC the crack cocaine and placed it on the center console of the car. The baggie contained more than five (5) grams of cocaine base. The UC then handed Co-Conspirator 1 the backpack containing the Glock pistol. Co-Conspirator 1 reached out and grabbed the backpack, at which time he possessed the firearm.

Following his arrest, CUMMINGS was advised of his *Miranda* rights and agreed to speak to law enforcement. CUMMINGS admitted that Co-Conspirator 1 called him (CUMMINGS) in order to obtain crack cocaine and instructed CUMMINGS to come to the Lowes parking lot because "a white

boy wanted to buy crack." CUMMINGS also admitted to being the middleman in the transaction between Co-Conspirator 1 and Co-Conspirator 2, who was the supplier of the crack cocaine.

The bag CUMMINGS and his co-conspirators provided to the UC in exchange for the gun tested positive for cocaine base and weighed approximately 5.1 grams. In the car in which CUMMINGS was riding with Co-Conspirator 2, law enforcement also recovered another baggie of crack cocaine that tested positive for cocaine base and weighed approximately 16 grams, as well as a baggie of cocaine powder that tested positive for cocaine and weighed approximately 38 grams.

During sentencing, Petitioner received a two-level downward departure for cooperation. This placed Petitioner at a Level 23 with a Category V Criminal History, which calls for 84 to 105 months incarceration. Petitioner was then sentenced to 84 months incarceration followed by 60 months supervised release.

## **Standard of Review**

Title 28 U.S.C. § 2255 provides that Petitioner can seek collateral review only if:

1. the sentence was imposed in violation of the Constitution or laws of the United States;

2. the court was without jurisdiction to impose such a sentence; or

3. the sentence was in excess of the maximum authorized by law.

Petitioner raises six grounds to set aside his sentence, including Ineffective Assistance of Counsel, Error of the District Court, and Prosecutorial Misconduct. The Supreme Court stated in *Sunal v. Large*, 332 U.S. 174, 178 (1947), that § 2255 is not a substitute for direct appeal. Therefore, the Ineffective Assistance of Counsel claims are legitimate under 28 U.S.C. § 2255 because they raise a constitutional issue under the Sixth Amendment, the right

to effective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). Additionally, Petitioner's claim of Prosecutorial Misconduct for failure to file a U.S.S.G. § 5K1.1 motion is legitimate under 28 U.S.C. § 2255 if the Government's failure to file the motion is based on unconstitutional motive, such as defendant's race or religion. *U.S. v. McElheney*, 525 F. Supp.2d 983, 999 (E.D. Tenn., 2007). Petitioner's allegations of District Court error and Prosecutorial Misconduct with regards to possession of a firearm do not raise a constitutional issue. Where a sentence is not in excess of the maximum authorized by law, a claim of error regarding the sentence should be raised on direct appeal.

Petitioner's conviction became final on April 16, 2009, when the time for filing a direct appeal had passed. Therefore, Petitioner had until April 16, 2010, to file his § 2255 motion. Applying these provisions to Petitioner's § 2255 motion, the Court finds that Petitioner's motion is timely under the one-year limitation period.

## Discussion

Petitioner now raises six grounds in this § 2255 motion to set aside his sentence.

**Grounds 1 and 2:** **Counsel was ineffective because (1) counsel failed to file a notice of appeal and (2) counsel did not argue that the 100:1 crack to powder cocaine sentencing disparity was unfair, thus resulting in an unreasonable sentence.**

The standard for assessing a claim of ineffective assistance of counsel is whether the counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A claim for ineffectiveness of counsel may be grounds for vacating a

conviction if the defendant can show that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. *Id.* at 687. Both of these components have to be met. *Id.* For performance to be deficient, it must be established that, in light on all the circumstances, counsel's performance was outside the wide range of professional competence. *Id.* at 690. Additionally, the burden of persuasion is on the petitioner to prove, by a preponderance of the evidence, that counsel's performance was unreasonable. *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). The burden of persuasion is high and there is a strong presumption that counsel's performance was reasonable. *Strickland*, 466 U.S. at 689-90. Furthermore, for a petitioner to show deficient performance, he must establish that no competent attorney would have taken the actions that his counsel did. *Chandler*, 218 F.3d at 1315.

In Ground 1, Petitioner claims that his counsel did not follow his directions to file a notice of appeal. In *Roe v. Flores-Ortega*, 528 U.S. 470, 477-81 (2000), the Supreme Court stated that the question of whether counsel has performed deficiently in ineffective counsel cases is best answered by checking whether counsel consulted with the defendant about an appeal. If counsel did consult with the defendant, counsel performed in a professionally unreasonable and deficient manner only if counsel failed to follow the defendant's instructions with regard to an appeal. *Id.* If counsel did not consult, the court must ask whether that failure itself constitutes deficient performance. *Id.* Counsel has a "constitutionally imposed duty to consult." *Id.* at 479-80. However, an attorney must only consult with their client when a rational defendant would want to appeal, or when a particular

defendant demonstrated that he was interested in appealing. *Id.* In making this determination, courts must take into account all the information counsel knew or should have known. *Id.* To demonstrate prejudice the petitioner must demonstrate that, but for his counsel's omission, there is a reasonable probability that he would have timely appealed. *Id.* at 480-82. If the defendant can make this showing then he is entitled to a belated appeal without regard to the merits of the forfeited appeal. *Id.*

In this case, Petitioner stated that he directed his counsel to file a notice of appeal but his attorney failed to do so. Petitioner waived his right to appeal in the written plea agreement and in the record during the change of plea hearing. Additionally, there is no evidence that Petitioner returned the form entitled "Declaration of Intent to Appeal." However, Petitioner attached a letter to his motion purporting to show that Petitioner wrote his attorney five days after his conviction requesting that he file an appeal. Petitioner also states that he and his girlfriend made telephone calls to Petitioner's attorney asking that an appeal be filed. An evidentiary hearing will be necessary to resolve this issue.

In Ground 2, Petitioner also claims that his counsel rendered ineffective assistance by failing to argue the 100:1 crack cocaine to powder disparity at sentencing. Petitioner contends that he "[c]ould obtain a shorter sentence on imprisonment had movant counsel argue [sic] for the crack power [sic] disparity at sentence [sic] but his counsel erred in his failing to argue it he suffere [sic] prejudice from his counsel [sic] unprofessional error the result of the proceedings would be different." Under the *Strickland* test, Petitioner has the burden to prove that his counsel's performance was deficient and that the deficient

performance somehow prejudiced him. The Petitioner has not met that burden by a preponderance of the evidence. Petitioner did not adequately show that his counsel's performance prejudiced him.

Petitioner's argument is conclusory. There is no evidence in the record that shows that Petitioner would have received a different sentence had the 100:1 ratio been argued and Petitioner does not support this claim with case law. There is nothing in the record to conclude that Petitioner would have received a shorter sentence had the 100:1 disparity between powder cocaine and crack cocaine been argued.

**Ground 3:** **The District Court erred by failing to deviate from the guideline range because of the 100:1 crack cocaine to powder disparity in the Sentencing Guidelines.**

Petitioner claims that this error by the District Court made his sentence unreasonable. Sentencing errors must be raised on direct appeal, not collaterally attacked in a 28 U.S.C. § 2255 petition. The Supreme Court has noted that § 2255 is not a substitute for direct appeal. *See Sunal v. Large,* 332 U.S. 174, 178 (1947).

This claim is not cognizable on collateral review "because it is neither constitutional nor jurisdictional and does not constitute a fundamental defect resulting in a complete miscarriage of justice." *Burke v. United States*, 152 F.3d 1329 (11th Cir. 1998). Non-constitutional claims can be raised on collateral review only when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994). This claim brought by Petitioner does not involve a

fundamental defect or an omission inconsistent with the rudimentary grounds of fair procedure. This ground fails for this reason alone but the Court will, nevertheless, address Petitioner's argument.

Petitioner relies on the Supreme Court decision in *Kimbrough v. United States*, 552 U.S. 85 (2007). Petitioner stated that the court should have deviated from the 100:1 ratio because of *Kimbrough*. However, in *Kimbrough*, the Supreme Court found that the Sentencing Guidelines 100:1 crack to powder cocaine ratio was only advisory and District Courts had the discretion to consider that disparity in determining a sentence. *Id.* At 89. Even though Petitioner's case was decided after the *Kimbrough* decision and the District Court was not required to use the 100:1 ratio, the court still had the discretion to impose a guideline sentence. Because the District Court had this discretion, not deviating from the guideline range because of the crack/powder cocaine disparity during sentencing was not unreasonable.

The record shows that the Court considered Petitioner's arguments during sentencing. The Court noted that the Petitioner had made bad decisions in his life and his criminal history showed he did not care about rules. The District Court considered the Petitioner's argument, the factors listed in § 3553(a), and rendered a sentence within the guidelines. In light of this, Petitioner has failed to show that the sentence was unreasonable.

**Ground 4:** **The government breached the plea agreement by failing to file a U.S.S.G. § 5K1.1 substantial assistance motion.**

Petitioner alleges that there was prosecutorial misconduct for failure to file a substantial assistance motion. This argument is baseless, however, because the government did file a substantial assistance motion. As a result, Petitioner received a two level reduction and received a sentence below the guideline range.

Even if the prosecution had not filed the § 5K1.1 motion, there would still be no breach of the agreement. The plea agreement did not guarantee that the government would file a motion for substantial assistance. The plea agreement states:

> In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Petitioner initialed the page with this language, acknowledging that he understood and agreed to these terms. Also, in Petitioner's guilty plea colloquy, the Court reiterated the language of the plea agreement, and the Petitioner stated that he understood and agreed to it. Therefore, even if the government had not filed the substantial assistance motion, the government would not have breached the plea agreement.

**Grounds 5 and 6:** **The Petitioner alleges that (5) the District Court erred when it miscalculated his sentence under the Sentencing Guidelines because the offense level was increased by two-levels due to the presence of a firearm and (6) the Government committed prosecutorial misconduct by failing to submit any evidence at the sentencing hearing about the Petitioner's possession of the firearm.**

Neither of these grounds is permissible under 28 U.S.C. § 2255. As stated earlier, an allegation that a given sentence is unreasonable or contrary to the Sentencing Guidelines is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete "miscarriage of justice". *See Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998). If there is not a complete miscarriage of justice, then challenges to the reasonableness of a sentence must be raised on direct appeal. *Graziano v. United States,* 83 F.3d 587, 589-90 (2d Cir.1996).

In this case, Petitioner has not raised a constitutional issue, nor has Petitioner claimed that any error caused a "fundamental defect" which resulted in a complete "miscarriage of justice". *Reed*, 512 U.S. at 348. Petitioner and the other co-conspirators agreed to provide the undercover officer with crack cocaine in exchange for a firearm and $200. Therefore, the gun was connected to the conspiracy. Additionally, based on the facts in the plea agreement Petitioner knew that the gun was being exchanged for the firearm. Petitioner argues that he was not in possession of the gun, but a co-conspirator does not have to physically possess the weapon, constructive possession is sufficient. *U.S. v. Chavez*, 549 F.3d 119, 130 (C.A.2 (N.Y.),2008). Possession by a co-conspirator is chargeable to Petitioner where, as here, the possession was reasonably foreseeable. For these reasons, the two level enhancement was appropriate.

## Conclusion

Grounds 2, 3, 4, 5 and 6 are DENIED. An evidentiary hearing will be necessary to resolve the remaining issue raised by Petitioner in Ground 1. Accordingly, this matter is

hereby scheduled for an evidentiary hearing on **MONDAY, JULY 26, 2010, AT 9:30 A.M.** at the U. S. Sam Gibbons Courthouse, 801 North Florida Avenue, Courtroom #13A, Tampa, Florida 33602. Time reserved: One (1) hour.

The Government is directed to transport Petitioner to the Tampa, Florida, area at least ten (10) days prior to the hearing so that he may meet with newly appointed counsel and attend the hearing. Further, the Government is directed to subpoena WILLIAM ELLIOT MICHAEL GOTTFRIED, Esquire, to be present at the hearing with his file concerning his representation of Petitioner.

Magistrate Judge Mark Pizzo is requested to appoint new CJA counsel for Petitioner and instruct said counsel to be prepared to address the issue raised by Petitioner in his §2255 motion herein.

**DONE** and **ORDERED** in Tampa, Florida on May 20, 2010.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Magistrate Judge Mark A. Pizzo
Counsel/Parties of Record
United States Marshal

F:\Docs\2009\09-cv-1606.vacate 2255.wpd